Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000414
28-FEB-2020
08:18 AM

NO. CAAP-17-0000414

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ETHAN FERGUSON, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 16-1-0030)

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Fujise and Chan, JJ.)

Defendant-Appellant Ethan Ferguson (Ferguson) appeals from the April 28, 2017 Judgment of Conviction and Sentence and the May 4, 2017 "Order Denying Defendant's Motion for New Trial or, in the Alternative Motion to Extend Deadline to File a Motion for New Trial; Motion for In-Court Examination to Discharged Jurors; Motion for Leave to Speak to Discharged Jurors" entered by the Circuit Court of the Third Circuit (Circuit Court).[1] After a jury trial, the Circuit Court convicted Ferguson of two counts of Sexual Assault in the Second Degree (Counts 1 and 2) in violation of Hawaii Revised Statutes (HRS) § 707-731(1)(a) (2014),[2] and three counts of Sexual Assault in the Fourth Degree (Counts 3, 4, and 5) in violation of HRS § 707-733(1)(a) (2014).[3]

---

[1]     The Honorable Greg K. Nakamura presided.

[2]     HRS § 707-731(1) provides, in relevant part, "A person commits the offense of sexual assault in the second degree if:  (a) The person knowingly subjects another person to an act of sexual penetration by compulsion[.]"

[3]     HRS § 707-733(1) then provided, in relevant part, "(1) A person commits the offense of sexual assault in the fourth degree if:  (a) The person knowingly subjects another person to sexual contact by compulsion or causes another person to have sexual contact with the actor by compulsion[.]"

Ferguson was sentenced to a ten-year term of incarceration in each of Counts 1 and 2, and a one-year term of incarceration in each of Counts 3, 4, and 5, all terms to run concurrently.

On appeal, Ferguson contends: (1) the Circuit Court abused its discretion by denying his Motion to Dismiss Indictment for Prosecutorial Misconduct; (2) the Circuit Court erred by granting the State's Motion to Determine Voluntariness of Statement(s) Defendant Made to the Police; (3) Ferguson received ineffective assistance of trial counsel for failure to object to hearsay evidence and for improper redaction of the Complaining Witness's (CW) statement; (4) the Circuit Court erred by denying his Motion for Judgment of Acquittal because there was insufficient evidence presented; and (5) the Circuit Court abused its discretion by denying his Motion for a New Trial where there was improper influence on the jury.

After carefully reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Ferguson's issues as follows and affirm the Circuit Court's Judgment.

1. Ferguson argues the Circuit Court abused its discretion by denying his Motion to Dismiss Indictment for Prosecutorial Misconduct because the State failed to correct or clarify a deliberate misstatement of material fact by the CW during her Grand Jury testimony.[4] Ferguson asserts the Grand Jury was misled because the DPA was aware that CW had "smoke[d] marijuana at the time of the incident."

The Hawai'i Supreme Court has held that prosecutorial misconduct before the grand jury must be "extreme and clearly infringe[] upon the jury's decision-making function" to warrant

---

[4] Ferguson objects to the following exchange during grand jury:

[DPA]: And do you know why you were approached?

[CW]: Um, [Ferguson] came up to me and said that someone had reported that I had been smoking marijuana.

[DPA]: Okay. And were you in fact smoking marijuana on that day?

[CW]: Not at that time.

2

dismissal of the indictment. State v. Pulawa, 62 Haw. 209, 218, 614 P.2d 373, 378 (1980). It is the defendant's burden to prove such misconduct. State v. Griffin, 126 Hawai'i 40, 53, 266 P.3d 448, 461 (App. 2011).

The Circuit Court found no evidence to support Ferguson's allegation that CW admitted being under the influence of marijuana when the incident occurred and Ferguson does not contest this finding. Moreover, the court also found and it is uncontested on appeal that CW's grand jury testimony that she did not smoke marijuana on the day of the incident was ambiguous. We agree with the Circuit Court that Ferguson failed to present evidence of extreme and clear infringement of the grand jury's decision-making function. Therefore, no abuse of the Circuit Court's discretion in denying Ferguson's motion to dismiss has been shown. See State v. Akau, 118 Hawai'i 44, 51, 185 P.3d 229, 236 (2008).

2. Ferguson claims that the Circuit Court erred in admitting two groups of utterances[5] made to Detective Fetuutuunai Amuimuia (Det. Amuimuia) in the course of his arrest and booking because they were the product of custodial interrogation without the protection of Miranda warnings.[6]

The parties agree that no Miranda warnings had been given before the subject statements were made and that Ferguson was in custody.

> "[I]nterrogation" under Miranda refers to (1) any words, actions, or practice on the part of the police, not only express questioning, (2) other than those normally attendant to arrest and custody, and (3) that the police should know is reasonably likely to invoke an incriminating response.

---

[5] Ferguson designates the following groups of statements: After he was handcuffed, he stated, "I'm police too. You guys don't have to do it this way. I would have done it differently if it was the other way around." (Statement I). During booking, when Det. Amuimuia told Ferguson he was arrested for five counts of sexual assault and that he had been identified in a photo lineup, Ferguson's head and shoulders dropped and he said "shit" and "fuck me." (Statement II).

[6] Miranda v. Arizona, 384 U.S. 436, 444 (1966) ("the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed."). See also State v. Santiago, 53 Haw. 254, 265-66, 402 P.2d 657, 664 (1971) (recognizing protections enumerated in Miranda have an independent source in what is now designated as Article I, Section 10 of the Constitution of Hawai'i).

State v. Trinque, 140 Hawai'i 269, 277, 400 P.3d 470, 478 (2017); see also Rhode Island v. Innis, 446 U.S. 291, 301 (1980) ("the term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." (footnotes omitted)). Informing an arrestee of the charge is normally attendant to arrest, and, thus, outside the Miranda definition of interrogation. See United States v. Crisco, 725 F.2d 1228, 1231-32 (1984) (Even if Crisco was in custody, agent's explanation of circumstances of arrest warrant may be considered normally attendant to arrest and custody and not interrogation.); HRS § 803(6)(a) (2014). The supreme court has not required specificity as to the charge upon arrest, see State v. Bunker, 67 Haw. 174, 176, 681 P.2d 984, 987 (1984) (arrest for "investigation of a shooting incident" sufficiently informative as to the cause of arrest), and we do not agree that describing the crime as an assault would imply a lesser offense than a sex assault. Both crimes run the gamut: an assault could be a class B felony; a sex assault could be a misdemeanor. See HRS §§ 707-710, -733 (2014).

Furthermore, Statement I is not an incriminating response. While an "'incriminating response' refers to both inculpatory and exculpatory responses[,]" Trinque, 140 Hawai'i at 277, 400 P.3d at 478 (citation omitted), there was nothing inculpatory or exculpatory about Ferguson complaining about being handcuffed behind his back and stating he would conduct the arrest differently. Thus, the detectives did not interrogate Ferguson for Miranda purposes.

Nor has Ferguson shown Statement I was not voluntarily made. Relying on State v. Kelekolio, 74 Haw. 479, 511, 849 P.2d 58, 73 (1993), Ferguson claims calling the reason for his arrest an assault rather than a sexual assault was coercive per se in that it was "of a type reasonably likely to procure an untrue statement or to influence an accused to make a confession regardless of guilt" and lulled him into letting his guard down

4

and to speak to the officers. Again, Statement I was neither an untrue statement nor was it a confession of guilt, but was a complaint about how the officers were effecting the arrest. Given the circumstances, we reject Ferguson's argument that merely telling him he was being arrested for "assault" caused him to make Statement I.

Statement I was properly admitted.

As to Ferguson's Statement II, made in response to Det. Amuimuia's later specification of the charges against him, he again relies on Kelekolio, 74 Haw. at 511, 849 P.2d at 73, arguing that initially calling the charge an "assault" was coercive *per se*. However, the Kelekolio court stated its rule would be applied on a case-by-case basis. Id. In this case, Ferguson's statements were unlike the examples of extrinsic falsehoods given by the Kelekolio court, which mostly involve deception about the ability of the police to limit the legal consequences of a confession. Id. 74 Haw. at 512-13, 849 P.2d at 73-74; see also 3 Ringel, Searches and Seizures, Arrests and Confessions, § 25:6, at 25-22 to -41 (2d ed. 2019). As the Kelekolio court acknowledged, "[m]ost commonly, the police tell a suspect they have found some highly incriminating evidence which renders futile any attempt by the suspect to dissemble further. Courts have uniformly accepted this technique, apparently on the view that an innocent person would not be induced to confess by such police deception." Kelekolio, 74 Haw. at 510, 849 P.2d at 73. Nothing about informing a suspect about the sexual nature of the assault charge against him would induce an innocent person to confess. Thus, Det. Amuimuia's statement was not a coercive extrinsic falsehood and Statement II was properly admitted.[7]

---

[7] As we have held Statement I was properly admitted, we need not address Ferguson's claim that Statement II constituted fruit of the poisonous tree.

Ferguson also asserts, for the first time on appeal, that his right to remain silent was invoked upon his seizure by police, pursuant to State v. Tsujimura, 140 Hawai'i 299, 310, 400 P.3d 500, 511 (2017). We previously rejected this argument because Tsujimura entails whether a defendant's pre-arrest silence can be used substantively to imply guilt and does not automatically invoke the right to remain silent. State v. Higa, 142 Hawai'i 483, 421 P.3d 691, CAAP-17-0000544, 2018 WL 3154570, at *3 (App. Jun. 28, 2018) (SDO), cert. denied, SCWC-17-0000544, 2018 WL 4692333 (Oct. 1, 2018). Thus, this argument is also without merit.

3.  Ferguson asserts he received ineffective assistance of counsel because trial counsel:  (a) failed to object to inadmissible hearsay; and (b) entered CW's obviously redacted statement into evidence.

"In any claim of ineffective assistance of trial counsel, the burden is upon the defendant to demonstrate that, in light of all the circumstances, counsel's performance was not objectively reasonable -- i.e., within the range of competence demanded of attorneys in criminal cases." Briones v. State, 74 Haw. 442, 462, 848 P.2d 966, 976 (1993) (citation and internal quotation marks omitted).

> The defendant has the burden of establishing ineffective assistance of counsel and must meet the following two-part test:  1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense.  To satisfy this second prong, the defendant needs to show a possible impairment, rather than a probable impairment, of a potentially meritorious defense. A defendant need not prove actual prejudice.

State v. Wakisaka, 102 Hawaiʻi 504, 514, 78 P.3d 317, 327 (2003) (citations, footnote, and internal quotation marks omitted). Furthermore, "[s]pecific actions or omissions alleged to be error but which had an obvious tactical basis for *benefitting* the defendant's case will not be subject to further scrutiny." Briones, 74 Haw. at 462-63, 848 P.2d at 976.

a.  Ferguson argues that trial counsel provided ineffective assistance by failing to object to four instances of alleged hearsay during Stepmother's testimony.

Out-of-court statements are generally inadmissible for the truth of the matter asserted, unless they fall within one of the hearsay exceptions. State v. Ortiz, 74 Haw. 343, 357, 845 P.2d 547, 554 (1993), abrogated on other grounds by, State v. Moore, 82 Hawaiʻi 202, 921 P.2d 122 (1996); see also Hawaii Rules of Evidence (HRE) Rules 801 and 802 (2016).[8]  This court has sustained the admission of statements as non-hearsay to explain

---

[8]    HRE Rule 801 provides, "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  HRE Rule 802 provides, "Hearsay is not admissible except as provided by these rules, or by other rules prescribed by the Hawaii supreme court, or by statute."

the subsequent actions of the testifying witness as not admitted for the truth of the matter asserted. State v. Kapela, 82 Hawai'i 381, 386, 922 P.2d 994, 999 (App. 1996); State v. Mason, 79 Hawai'i 175, 180, 900 P.2d 172, 177 (App. 1995).

The first, second, and fourth statements were not offered to prove the truth of the matters asserted, but to explain subsequent actions, why CW was taken to Hilo Hospital, and why CW moved to Alaska. As these three statements were not hearsay, it was not an error or omission for defense counsel to refrain from objecting to them. The third challenged statement regarding CW's school counselor's report of CW's poor attendance, was hearsay as it was evidence of CW's change in behavior after the charged offense. However, in light of Stepmother's testimony based on personal knowledge of CW's change in behavior after the assault, it was cumulative. Therefore, we cannot say that the failure to object was not a strategic choice on counsel's part. Ferguson has failed to show ineffective assistance of counsel through the failure to object to hearsay testimony.

b. Ferguson asserts that the obviousness of the redaction to CW's initial written statement to police without an instruction informing the jury not to speculate as to what information was removed constituted ineffective assistance of counsel. The statement at issue was written as a narrative account of the assault and sent to police early in their investigation.

Ferguson's reliance on State v. Tucker, 10 Haw. App. 43, 861 P.2d 24, cert. granted, case remanded, 74 Haw. 652, 857 P.2d 600 (1993), is misplaced. The issue in Tucker was an otherwise cognizable harm, a confrontation issue, that was not mitigated by the redaction because the identities and names were easily discernable. Here, there is no such confrontation issue and the content of the redacted material is not easily discernable. In addition, the statement largely reiterates CW's trial testimony, and Ferguson extensively cross-examined CW about the contents of the statement.

Ferguson also argues that, without a cautionary instruction, the jury could have speculated that the redacted

7

material was prejudicial to him. A redacted statement is prejudicial when it (1) distorts the meaning of the statement, or (2) excludes information substantially exculpatory of the nontestifying defendant. See United States v. Smith, 794 F.2d 1333, 1335 (8th Cir. 1986). Not only has Ferguson failed to show how the redaction distorts the statement, he has not shown how it could be prejudicial. Thus, in the absence of prejudice, Ferguson cannot be said to have met his burden of demonstrating he received ineffective assistance of counsel.

Finally, counsel's introduction of the statement can be said to be tactical. See Briones, 74 Haw. at 463, 848 P.2d at 976. In closing argument, Ferguson's counsel highlighted the redacted version of the statement to challenge CW's account. Counsel had also entered into evidence the document's metadata indicating the number of edits and the time spent editing to emphasize that the document was carefully crafted. Counsel used the fact that the document was edited multiple times to question CW's trial testimony. This approach was demonstrated by presenting a redacted, rather than clean copy of the statement. Therefore, Ferguson did not receive ineffective assistance of counsel based on the introduction of the redacted statement.

4. Ferguson contends the Circuit Court erred by denying his Motion for Judgment of Acquittal because there was no substantial evidence to support his conviction. Ferguson challenges the sufficiency of the evidence by attacking CW's credibility, arguing that because she gave inconsistent statements and other evidence did not corroborate her claims, the evidence was lacking.

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998) (quoting State v. Quitog, 85 Hawai'i 128, 145, 938 P.2d 559, 576 (1997)). Substantial evidence is "credible evidence which is of sufficient quality and probative value to enable a person of

reasonable caution to support a conclusion." State v. Timoteo, 87 Hawai'i 108, 113, 952 P.2d 865, 870 (1997) (citation omitted). "[T]he testimony of a single witness, if found by the trier of fact to have been credible, will suffice" to provide substantial evidence. State v. Kalaola, 124 Hawai'i 43, 50-51, 237 P.3d 1109, 1116-17 (2010) (quoting In re Doe, 95 Hawai'i 183, 196, 20 P.3d 616, 629 (2001)). "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Jenkins, 93 Hawai'i 87, 101, 997 P.2d 13, 27 (2000) (citations and brackets omitted).

Ferguson does not argue that CW's testimony, if believed, failed to establish any element of any of the crimes charged. As Ferguson's challenge to CW's credibility is within the province of the jury and our review shows her testimony supported all the elements of each of the counts, the lack of corroborating evidence is irrelevant. Ferguson's argument challenging the sufficiency of the evidence is without merit.

5. Ferguson appears to argue that he was denied a fair trial because an unidentified woman distracted the jury by causing a disturbance during defense counsel's closing argument. Ferguson phrases his trial motion as motion for new trial for "any legal cause" and/or "in the interest of justice" pursuant to HRPP Rule 33.

Where the existence of an outside influence such as juror misconduct is brought to the attention of the trial court, the court must ascertain the extent of the influence and then, in its sound discretion, take appropriate measures to assure a fair trial. State v. Keliiholokai, 58 Haw. 356, 358, 569 P.2d 891, 894 (1977). More recently, in State v. Chin, based in part on Keliiholokai, the supreme court fashioned a two-step procedure to evaluate improper influence: "(1) an initial determination that the outside influence is of a nature that could substantially prejudice a defendant's right to a fair trial and, once that general nature has been established, (2) an investigation of the totality of the circumstances." Chin, 135 Hawai'i 437, 445, 353 P.3d 979, 987 (2015). At step one, "[t]he defendant bears the

initial burden of making a prima facie showing of a deprivation that 'could substantially prejudice [his or her] right to a fair trial' by an impartial jury." Id. at 443, 353 P.3d at 985 (quoting State v. Williamson, 72 Haw. 97, 102, 807 P.2d 593, 596 (1991)).

Initially, we note that parties must bring misconduct by jurors or others to the attention of the court or it cannot be relied on as error upon a motion for a new trial. See Medeiros v. Udell, 34 Haw. 632, 634 (1938); but see State v. Larue, 68 Haw. 575, 579 n.1, 722 P.2d 1039, 1043 n.1 (1986) (Distinguishing Udell, as a civil case and that in Larue, the misconduct of the juror relating her opinion on the credibility of the complaining witness based on personal experience, was promptly called to the trial court's attention although no mistrial motion was made.). The policy underlying this rationale is that litigants might only raise misconduct when the verdict is against them. Id. at 634-35. Here, although Ferguson's wife testified that she told Ferguson about the incident in the courtroom before the jury rendered its verdict on February 22, 2017, the motion for new trial was not filed until March 6, 2017, after the jury had been excused. Therefore, we could deem the error waived.

In any event, Ferguson did not make a prima facie showing of possible substantial prejudice. In this context, Ferguson challenges the Circuit Court's findings of fact 2 and 6. Based on the testimony presented, they were not clearly erroneous. In finding number 2, the court found "an unidentified woman in the gallery made some largely unintelligible comments and had a whispering conversation with the Court's bailiff[.]" The State's witnesses testified they could not hear what the woman said, although one witness, the Circuit Court's bailiff, was the closest to the woman of all the witnesses and was between the woman and the jury box. Finding number 6, that "[t]here was no observed reaction from the jury. Nor was there any observed disruption in court proceedings" was supported by the bailiff's testimony that she looked at the jury after she had escorted the woman out of the courtroom and it appeared they were paying

attention to the closing argument. No witness testified that the closing argument by Ferguson's counsel was paused or stopped at any time.

Furthermore, the court may have relied in part on its own observations of the proceedings. A court's findings of fact based on personal knowledge of the judge are permissible in related areas involving disruption of the court's proceedings. See State v. Kim, 140 Hawai'i 421, 431, 402 P.3d 497, 507 (2017) (trial judge may remove disruptive defendant from courtroom for extreme behavior); Evans v. Takao, 74 Haw. 267, 842 P.2d 255 (1992) (court determining case of summary contempt); State v. Castro, 69 Haw. 633, 652, 756 P.2d 1033, 1046 (1988) ("what is dispositive is the judge's assessment, after a searching examination of the circumstances" justifying shackling of defendant).

Thus, the Circuit Court did not abuse its discretion by denying Ferguson's Motion for New Trial because he failed to meet his burden of demonstrating a deprivation that could substantially prejudice his right to a fair trial by an impartial jury, and, therefore, the court was not obligated to conduct an investigation of the totality of the circumstances, including a questioning the jury.

Based on the foregoing, the April 28, 2017 Judgment of Conviction and Sentence and the May 4, 2017 "Order Denying Defendant's Motion for New Trial or, in the Alternative Motion to Extend Deadline to File a Motion for New Trial; Motion for In-Court Examination to Discharged Jurors; Motion for Leave to Speak to Discharged Jurors" entered by the Circuit Court of the Third Circuit are affirmed.

DATED: Honolulu, Hawai'i, February 28, 2020.

On the briefs:

Alen M. Kaneshiro
Michael Jay Green
for Defendant-Appellant.

Ha'ahea M. Kaho'ohalahala,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

11